CINCINNATI BAR ASSOCIATION *v.* WORTH.

[Cite as *Cincinnati Bar Assn. v. Worth* (1998), 82 Ohio St.3d 305.]

(No. 98–385—Submitted April 7, 1998—Decided July 8, 1998.)

*James C. Condit* and *Jon Hoffheimer,* for relator.

*Edward C. Perry* and *James N. Perry,* for respondent.

---

***Per Curiam.*** We accept the findings and conclusions of the board. In determining a sanction to be imposed, we consider the duty violated, the lawyer's mental state, the injury caused, and the existence of aggravating or mitigating circumstances. *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568, and cases cited therein. In this matter respondent should not have performed legal services for others after his appointment as referee/magistrate, however minor those services might have been. Nevertheless, we note that respondent was not attempting to profit by these activities and that none of respondent's clients was harmed by his activities.

The sanction imposed on respondent by the probate court was to discharge him from his position as referee/magistrate. In view of that sanction, we agree with

the board with respect to the sanction this court should impose. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent because they would dismiss the action.